**Larry M. LIGGAN, Plaintiff,**

v.

**THE UNITED STATES, Defendant.**

**No. 01–2 C.**

United States Court of Federal Claims.

April 19, 2002.

Alison Ruttenberg, Boulder, Colorado, attorney of record for plaintiff.

Thomas D. Dinackus, with whom were Acting Assistant Attorney General Stuart E. Schiffer, Director David M. Cohen, Deputy Director James M. Kinsella, Civil Division, Department of Justice, Washington, D.C., for defendant. Lieutenant Colonel Jill M. Grant and Major James R. Agar II, U.S. Army Litigation Division, Arlington, Virginia, of counsel.

## OPINION

WIESE, Judge.

This suit presents a claim for military back pay. The question before the court is whether a court-martial sentence of pay forfeiture, ordered to be executed by a convening authority whose action is later set aside because of procedural error, is retroactively enforceable when the same sentence is subsequently approved by a new convening authority. This action is now before the court on defendant's motion for judgment on the administrative record and plaintiff's cross-motion. On the basis of the parties' briefs, the administrative record, and the oral argument that was heard on April 11, 2002, the court finds in defendant's favor and rejects plaintiff's contention that he is entitled to recover as back pay the pay forfeiture incurred prior to the second convening authority's action.

## FACTS

Plaintiff is a former first lieutenant in the United States Army who was tried and convicted by a general court-martial of assault consummated by a battery upon a child, inde-

cent acts with a child, and an indecent act with another, in violation of Articles 128 and 134 of the Uniform Code of Military Justice (10 U.S.C. §§ 928, 934 (2000)). On May 12, 1995, plaintiff was sentenced to a forfeiture of $1500 pay per month for 120 months, plus confinement for ten years and dismissal from service.

On September 8, 1995, the staff judge advocate completed his review of the trial record and forwarded a recommendation regarding the action to be taken on plaintiff's sentence to the convening authority.[1] On September 19, 1995, the convening authority approved the sentence and ordered its execution, except with regard to the dismissal. Accordingly, pursuant to Article 57 of the Uniform Code of Military Justice (10 U.S.C. § 857 (1994)), which at the time in issue here required approval by the convening authority prior to forfeiture, the Army began deducting the forfeited $1500 per month from plaintiff's pay.

On appeal, the United States Army Court of Criminal Appeals found that: (i) no substitute defense counsel had been appointed to pursue plaintiff's post-trial interests after plaintiff's original trial attorney was released from active duty on September 1, 1995, and (ii) the staff judge advocate's post-trial recommendation to the convening authority was never served on a substitute defense counsel prior to the convening authority's action. On the basis of these factors, the court concluded:

> [W]hen [plaintiff's trial attorney] left active duty without the appointment of a substitute defense counsel to represent the appellant and when the [staff judge advocate] failed to serve the substitute defense counsel with his recommendation, the appellant was deprived of his right to a defense counsel at this very important post-trial stage.

*United States v. Liggan,* Army 9501523, slip op. at 2 (A.Ct.Crim.App. Jan. 8, 1997). Accordingly, the court ruled that "[t]he action of the convening authority, dated 19 September 1995, is set aside." *Id.* at 3.

Pursuant to the court's order, the trial record was returned to the Judge Advocate General with directions that either the same or a different convening authority consider anew the sentence of the court-martial in accordance with the procedures prescribed for that purpose by Article 60 of the Uniform Code of Military Justice (10 U.S.C. § 860(b)-(e) (2000)). Thereafter, on May 13, 1997, the same convening authority approved for a second time the sentence adjudged by the court-martial, "except for that part of the sentence extending to dismissal," and directed that the sentence "be executed."

Plaintiff now sues for the pay withheld between the first action by the convening authority in September 1995 and the second action by the convening authority in May 1997. Plaintiff contends that because the first action by the convening authority was set aside, the Army had no right to begin the forfeitures until the convening authority approved plaintiff's sentence for the second time. In response, the government argues that because the second action by the convening authority imposed the same forfeitures as the first, those forfeitures relate back to the time of the first action.

## DISCUSSION

The legal argument that concerns us here centers on the meaning and application to be given to three sections of the Uniform Code of Military Justice, 10 U.S.C. §§ 857, 860, and 875. Plaintiff's argument seeking restoration of the forfeited pay begins with § 857. This statute, titled "Effective date of sentences," provides: [2]

---

1. The convening authority, an officer with command authority over the court-martial (in this case the acting commander of the First Cavalry Division) is required by 10 U.S.C. § 860(d) (2000) to consider a written recommendation prepared by his staff judge advocate before taking action on the sentence. The purpose of the recommendation is to assist the convening authority in deciding what action to take on the

sentence in the exercise of command prerogative. The form and content of the recommendation is prescribed by Rule 1106(d) of the Rules for Courts–Martial, *Manual for Courts–Martial* II–147 (ed.1998).

2. We quote the statute as it read in 1995, the year at issue here. Section 857 was amended in 1996 to provide that in the absence of the con-

No forfeiture may extend to any pay or allowances accrued before that date on which the sentence is approved by the person acting under section 860(c) of this title ... . .

10 U.S.C. § 857(a). Next, plaintiff turns to § 860, titled "Action by the convening authority," which provides in relevant part:

[(c)](2) Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section. Subject to regulations of the Secretary concerned, such action may be taken only after consideration of any matters submitted by the accused under subsection (b) or after the time for submitting such matters expires, whichever is earlier. The convening authority or other person taking such action, in his sole discretion, may approve, disapprove, commute, or suspend the sentence in whole or in part.

. . . .

(d) Before acting under this section on any general court-martial case or any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. . . . The recommendation of the staff judge advocate or legal officer shall include such matters as the President may prescribe by regulation and shall be served on the accused, who may submit any matter in response under subsection (b). Failure to object in the response to the recommendation or to any matter attached to the recommendation waives the right to object thereto.

10 U.S.C. §§ 860(c)(2) and (d).

As the quoted statutes indicate, the imposition of a sentence of forfeiture requires the approval of the convening authority. Additionally, before acting on such a sentence, the convening authority must (i) obtain and consider the written recommendation of the staff judge advocate, (ii) afford the accused the opportunity to respond to the recommenda-

tion, and (iii) consider any matter submitted by the accused in response to the recommendation. In this case, however, a copy of the staff judge advocate's recommendation was not provided to plaintiff. Thus, the first action taken by the convening authority in September 1995 ordering execution of the court-martial sentence failed to comply with the requirement of § 860(c)(2) directing that "such action ... be taken only after consideration of any matters submitted by the accused."

Plaintiff points out that it was this procedural misstep that led the Army Court of Criminal Appeals to set aside the convening authority's first action. On the basis of this determination, plaintiff contends that any forfeiture of pay undertaken on the basis of this invalid action must similarly be held invalid. Accordingly, plaintiff claims that he is entitled to restoration of the pay that was withheld pursuant to the convening authority's initial, but later invalidated, approval.

The government disagrees. The government contends that the invalidity of the convening authority's action would require the restoration of pay only if the convening authority's second action did not approve the forfeiture or approved the forfeiture of a lesser amount. But, defendant argues, because the convening authority's second action approved the same forfeitures as the first action, such approval relates back to the date of the initial approval. In other words, reaffirmation of the original approval demonstrates that the procedural error that initially attended that action was not prejudicial.

■ In support of this position, the government refers us to 10 U.S.C. § 875 (2000), titled "Restoration," which provides:

(a) Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a

vening authority's approval, forfeitures take effect no later than 14 days after the sentence is

adjudged.

sentence imposed upon the new trial or rehearing.

10 U.S.C. § 875(a). The United States Court of Appeals for the Federal Circuit addressed this statute in *Dock v. United States*, 46 F.3d 1083 (Fed.Cir.1995). Dock was a military service member who pled guilty to a charge of armed robbery and unpremeditated murder committed in the course of that robbery. He was convicted by a general court-martial and sentenced to demotion, a dishonorable discharge, forfeiture of all pay and allowances, and death. An appeal followed which resulted in the setting aside of both the finding of guilty and the sentence of the trial court. A retrial was ordered. Following the rehearing, Dock was again found guilty by court-martial and was sentenced to demotion, a dishonorable discharge, forfeiture of all pay and allowances, and life imprisonment.

Thereafter, Dock filed suit in the Court of Federal Claims seeking restoration of pay for various time periods. Among these were the periods extending, first, from the date of the original conviction until the end of his enlistment term and, second, from the end of his enlistment term until the date of the second conviction. As to both periods, Dock contended that he was entitled to pay because these periods occurred subsequent to a conviction that had been set aside and therefore constituted, in his view, periods that qualified as compensable active duty. The trial court granted Dock restoration of part of his pay and allowances but denied the remainder.

On appeal, the Federal Circuit concluded that Dock was not entitled to restoration of any of his pay and allowances. Relying on 10 U.S.C. § 875(a), the court explained:

> Congress has decreed ... that a forfeiture of pay ordered in a regularly-constituted court-martial and executed by competent authority, even though the order is found later to be legally defective, can be related back by a subsequent court-martial that imposes a sentence in which the executed part is included.

*Id.* The court went on to note that 10 U.S.C. § 875(a) "provides no basis for distinguishing between periods of confinement before and after the expiration of enlistment. The rule

stated in that Article on its face applies equally to both periods." *Id.* at 1090. And, summing up, the court stated:

> In a case in which forfeiture of *all* pay and allowances is decreed in the first sentence, the sentence of forfeiture is executed, and then reimposed by the second court martial, Article 75(a) means expressly what it says—no pay and allowances will be paid to such a member from and after the first conviction until the member is restored to full-duty status, if ever.... The fact remains that the first convening authority ordered the execution of a sentence forfeiting all pay from February 5, 1985 onward; it was that sentence of forfeiture, covering the same period, which was reimposed by the second court-martial. In these circumstances, the statutory mandate leaves no room for any payment of pay and allowances for the period during which the member awaits rehearing.

*Id.* at 1093 (emphasis in original).

Plaintiff endeavors to distinguish *Dock* by pointing out that in that case there was no question that the sentence of pay forfeiture had been lawfully ordered executed by the convening authority. The question, instead, was whether the forfeited pay should be restored where the sentence authorizing the forfeiture was later set aside. That situation, the *Dock* court concluded, fit squarely within the terms of § 875(a). Here, by contrast, plaintiff points out, it is not the sentence that has been set aside but rather the convening authority's approval of the sentence. As plaintiff sees it, then, the situation we encounter in this case is not addressed by the statute; therefore, what controls this situation is not the command of retroactive validation of pay forfeiture that § 875(a) can require but the command of § 857(a) that "[n]o forfeiture ... extend to any pay or allowances accrued before that date on which the sentence is approved by the person acting under section 860(c)." 10 U.S.C. § 857(a). Section 857(a), plaintiff insists, invalidates any forfeiture that has not been approved in accordance with its terms.

■ We cannot go along with plaintiff's argument. The distinction that plaintiff in-

vokes—that *Dock* involves an unlawful sentence lawfully executed whereas this case involves a lawful sentence unlawfully executed—seems to us a distinction without a difference insofar as the application of § 875(a) is concerned. Section 875(a), as the Federal Circuit noted in *Dock*, "is a statute that deals with entitlement to pay." 46 F.3d at 1087. In that statute, the court explained, "Congress ... declared that no restoration [of forfeited pay] is [to be] made if a rehearing reimposes the same forfeiture." *Id.* at 1088. Given the unconditional nature of this rule, we think it would be contrary to the intent of the statute to distinguish between a sentence of forfeiture whose legal efficacy is impaired because of error in the underlying trial proceeding and a sentence of forfeiture that is impaired because of error on the part of the convening authority in approving the sentence. What matters, so far as the statute is concerned, is whether corrective proceedings reimpose the same forfeiture. Where that occurs, Congress has decreed that no restoration of pay shall be allowed. Thus, we read the reference in § 875(a) to "a court-martial sentence which has been set aside or disapproved" to include any sentence of forfeiture that must be reconsidered because its enforceability has been nullified by procedural error.

## CONCLUSION

On the basis of the reasoning set forth in this opinion, we grant defendant's motion for judgment on the administrative record and deny plaintiff's cross-motion. The Clerk is directed to enter judgment dismissing the complaint. No costs.